LOTTINGER, Judge.
This is suit wherein the plaintiff seeks to recover amounts allegedly due under an automobile policy issued by defendant providing comprehensive and collision coverage on his 1957 Ford truck. It is alleged in the petition that on August 18, 1958 plaintiff was driving his truck when it struck a water pocket which caused it to veer into a ditch. As a result of the truck remaining in the ditch for several hours before being pulled out, it is alleged that water entered the engine, forcing out the oil, with the result that the engine burned out. Damages are sought as the result of the accident in the total amount of $850.08 of which $564.58 is for a new engine, $69 for cost of repairs to fender, body, lights, etc., $16.50 for repairs to two-bar and connecting rod and $200 for loss of use of the truck for a period of ten days. The prayer also seeks penalties and attorney fees.
The defendant’s answer admitted the issuance of the policy but denied the remaining allegations of the petition. As a special defense it was averred that if the policy did afford coverage under the facts alleged, recovery should nonetheless be denied for plaintiff’s failure to preserve and protect the property by virtue of his driving the truck from the scene when he knew or should have known that driving would cause damage if water was in the motor as alleged.
The matter is before us on an appeal taken by the defendant from a judgment of the Lower Court which awarded the plaintiff the sum of $533.58.
It is admitted by counsel for defendant in his brief that if there was an accident and if damage was done to the engine which necessitated its replacement that plaintiff would be entitled to recover. We, therefore, address ourselves to these two questions in the order presented.
The plaintiff testified that about 3 o’clock on the 8th or 9th of September, 1958, (no objection being made to the variance of these dates from that alleged in the petition) he was driving the two ton Ford dump truck on his way home from work when, as he rounded a curve, he hit a large puddle of water which pulled the truck to the right causing it to veer into the ditch striking a pine tree on the opposite side. An hour and a half or two hours passed before someone arrived who drove him to his home. He and one of his employees, Curtis Perkins, then returned in another truck, arriving between 6:30 and 7:00 p. m., and pulled the truck from the ditch. Curtis Perkins testified that he went with his employer, the plaintiff, in the other truck and helped to pull the Ford truck from the ditch.
There is no testimony in the record which would tend in any way to deny the occurrence of the accident, and we have to conclude from the foregoing testimony, as did the trial judge, that an accident did occur as alleged.
Both the plaintiff and Perkins testified that the ditch was deep with considerable water in it and that the truck was resting with its right front wheel completely submerged and the left front wheel partially so, sufficiently far enough in the ditch for water to be over the crankcase. The plaintiff testified that the motor started right away and that he used the engine’s power to help get out of the ditch. He further stated that as his oil pressure gauge did not flash red he had no reason to suspect any trouble and proceeded to drive on to his home about seven miles from Slidell.
It appears from the testimony that neither the subject truck nor others owned by *457 plaintiff were used the next one or two days after the accident hauling being impossible due to excessive rains. The plaintiff testified that on the second or third day after the accident a check showed water in the engine oil and that, consequently, the motor was drained and filled with oil. He stated further that he was present and actually saw the oil mixed with water as it was being drained from the motor. His testimony was corroborated by that of Curtis Perkins. According to the plaintiff, the truck was then put in use but the driver noticed that it was not producing enough power with the result that it was brought to the Casey-Harper Garage whose service manager, Mr. Moreno, informed him of the damage.
Mr. Bert Moreno, service manager for the Casey-Harper Co., testified on behalf of the defendant. He stated that the mechanic had actually checked the engine and that from the repair order a new one was needed. He stated further that there was no water in the engine when he saw it and that he did not know what caused the damage. He also stated that driving the truck with water in the engine could cause it to burn up, but that he did not think water was the cause of the damage because it can usually be detected by the condition of the crankshaft. He admitted, however, that the engine was not dismantled and there is no testimony in the record whatever which would tend to show that anyone did inspect the crankshaft.
With the record as outlined above before him the trial judge concluded that water had been the cause of the burning of the engine, and we cannot say that he committed manifest error in so doing. He evidently believed the plaintiff’s and Perkins’ testimony with respect to finding water in the engine after it had been driven several miles. There is nothing in the record which would warrant our upsetting this finding and undoubtedly the driving of the truck with water in the engine’s lubrication system was sufficient to cause the damage.
The appellant has made no complaint as to quantum and while appellee has asked for an increase, it cannot be considered as he neither appealed nor answered the appeal.
Judgment affirmed.